IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                    **Civil Action No. 3:15cv161**

**LEWIS F. CARTER,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on numerous motions, objections, and notices filed by Defendant Lewis F. Carter following the Court's grant of summary judgment in favor of Plaintiff United States of America.[1] Nearly all of these filings espouse essentially the same

---

[1] The twenty-one filings before the Court are as follows: (1) "Motion to Take Judicial Notice of Law in the Decision of the Supreme Court of the United States in *Brushaber v. Union Pacific R. Co.*," (ECF No. 59); (2) "Defendant's Demand for Trial by Jury," (ECF No. 60); (3) "Defendant's Motion for Hearing to Establish the Jurisdiction of the District Court to Enforce Direct Taxation Under the Sole Authority of the 16th Amendment as *erroneously* Argued by Plaintiff United States," (ECF No. 61); (4) "Motion to Take Judicial Notice of Law in the Decision of the Supreme Court of the United States in *Stanton v. Baltic Mining Co.*," (ECF No. 62); (5) "Defendant's Motion to Postpone Trial to 30 Days after Disclosure of the Specific Constitutional Authorities Serving as the Foundation to the Jurisdiction of the Court," (ECF No. 63); (6) "Defendant's 2nd Objection to the Mischaracterization of Defendant's Position by the Plaintiff," (ECF No. 64); (7) "*pro se* Defendant's 2nd Objection to the Mischaracterization of Defendant's Position by the Plaintiff and Motion to Strike Plaintiff's Pleadings for Violation of the Doctrine of *collateral estoppel*," (ECF No. 65); (8) "Supporting Memorandum at Law on Federal Taxation, The Personal Federal Income Tax, and Statutory Liability for Tax," (ECF No. 66); (9) "Motion to Take Judicial Notice of Law in the Decision of the Supreme Court of the United States in *Flint v. Stone Tracy Co.*," (ECF No. 67); (10) "Defendant's First Objection to Plaintiff's Motion for Summary Judgment," (ECF No. 68); (11) "Defendant's Second Objection to Plaintiff's Motion for Summary Judgment," (ECF No. 69); (12) "Defendant's Third Objection to Plaintiff's Motion for Summary Judgment For Failure to Establish the Subject-Matter Jurisdiction of the District Court," (ECF No. 70); (13) "Defendant's Motion to Certify the Question on Appeal to the U.S. Circuit Court of Appeals," (ECF No. 71); (14) "Defendant's Reply to Plaintiff's Objection to Defendant's FRCP Rule 26 Disclosure of Possible Witnesses," (ECF No. 72); (15) "Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment for Failure to Establish the Jurisdiction of the District Court," (ECF No. 73); (16) "Defendant's

contentions Carter articulated, and the Court considered, before it granted summary judgment for the United States. Among these filings, Carter submits two Motions to Alter or Amend a Judgment, (ECF Nos. 77, 78), pursuant to Federal Rule of Civil Procedure 59(e),[2] and a Motion to Void the Order of the Court, (ECF No. 80), pursuant to Federal Rules of Civil Procedure 60(b)(3)[3] and 60(b)(4).[4] These three motions, while presented through the proper vehicles to challenge the Court's judgment, fail to meet any established standard under the invoked Federal Rules of Civil Procedure.

The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions necessary to resolve Carter's motions, objections, and notices to the Court's grant of summary judgment, and argument would not aid the decisional process. For the reasons that follow, the Court will deny all of Carter's motions,

---

Motion to Alter or Amend the *Order of the Court* Improperly Granting Summary Judgment Without a true *subject-matter jurisdiction*," (ECF No. 77); (17) "Defendant's 2nd Motion to Alter or Amend the *Order of the Court* Improperly Granting Summary Judgment for Violation of the *doctrine of judicial estoppel*," (ECF No. 78); (18) "Defendant's Motion to Recuse," (ECF No. 79); (19) "Defendant's Motion to VOID the Order of the Court," (ECF No. 80); (20) "Defendant's Objection to Plaintiff's Motion to Amend *Order*," (ECF No. 81); and, (21) "Defendant's Reply to the Plaintiff's Omnibus Response," (ECF No. 83).

[2] That rule states: "**(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[3] That rule states: "**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

[4] That rule states: "**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (4) the judgment is void." Fed. R. Civ. P. 60(b)(4).

objections, and notices. (ECF Nos. 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 77, 78, 79, 80, 81, 83.)

## I. Procedural History

On December 31, 2015, the Court granted the United States' Motion for Summary Judgment.[5] (ECF No. 56.) Despite that Order, Carter continued to pepper the Court with an additional twenty-one motions, objections, and notices, all of which, like before, fail to comply with applicable federal rules and ultimately lack merit. After Carter made these twenty filings in a one-month span, on February 2, 2016, the United States responded and requested that the Court deny all of Carter's requests. (ECF No. 82.) Carter then replied to the United States' Omnibus Response on February 11, 2016, and yet again raised the same contentions he has asserted for the entirety of these proceedings. (ECF No. 83.)

## II. Analysis

Of the twenty-one filings listed above, Carter made nine filings that, given their failure to state a basis for relief under the Federal Rule of Civil Procedure, do not require resolution by the Court. In these filings, Carter: (1) demanded a trial by jury, (ECF No. 60); (2) objected to the United States' purported mischaracterization of his position, (ECF No. 64); (3) provided a memorandum of law on federal taxation, (ECF No. 66); (4) objected three times to the United States' Motion for Summary Judgment, (ECF Nos. 68, 69, 70); (5) replied to the United States' objection to his request for disclosure of witnesses pursuant to Federal Rule of Civil Procedure 26, (ECF No. 72); (6) objected to the United States' Motion to Amend the Court's Order, (ECF

---

[5] On January 11, 2016, the United States made a Motion to Amend the Order to accurately reflect the amount of money Carter owed in taxes. (ECF No. 74.) To correct what was deemed a clerical mistake, this Court issued an amended Order, (ECF No. 75), to indicate that statutory additions to the $309,718.95 amount were to accrue from January 5, 2015. This change reflected in the Amended Order does not affect any of Carter's contentions regarding the original Order. (ECF No. 56.) Therefore, the Court will cite any reference to its Order in this opinion to the original Order accompanying the December 31, 2015 Memorandum Opinion.

3

No. 81); and, (7) replied to the United States' Omnibus Response to his myriad filings, (ECF No. 83). The Court addresses the remaining twelve filings below. (ECF Nos. 59, 61, 62, 63, 65, 67, 71, 73, 77, 78, 79, 80.)

### A. Motions Concerning Matters on Which the Court Has Already Ruled

On January 4, 2016, Carter filed three "motions" in which he reiterates his contention that the Court does not have subject matter jurisdiction to enforce tax laws against him. (ECF Nos. 61, 63, 65.) Then, on January 8, 2016, Carter made a motion to strike the the United States' Motion for Summary Judgment, citing a failure to establish the jurisdiction of the Court. (ECF No. 73.) The Court clearly rejected this position in its last opinion, and it reaffirms that stance here. (Dec. 31, 2015 Mem. Op. 10–11, ECF No. 55.) Because the Court has subject matter jurisdiction over this matter, the Court will deny these motions.

Carter also moves the Court to postpone his trial to thirty (30) days following a disclosure of the authorities granting the Court jurisdiction. (ECF No. 63.) The Court already has granted the United States' Motion for Summary Judgment, thereby eliminating the need for the trial Carter wishes to postpone. Similarly, despite Carter's contentions throughout his filings, granting summary judgment pursuant to Federal Rule of Civil Procedure 56 does not infringe on his constitutional right to a trial by jury. Thus, the Court will deny this motion.

Carter additionally reasserts his argument that the doctrines of collateral estoppel and judicial estoppel prevent the Court from entering its order granting the United States' Motion for Summary Judgment. (ECF No. 65.) Carter again misconstrues the nature of the proceedings. By "accepting" and acknowledging the pleadings from the United States, the Court does not "adopt" the arguments within them. Therefore, the Court's ultimate decision articulated in the Memorandum Opinion, (ECF No. 55), does not contradict anything on the record and the

4

doctrines of collateral estoppel and judicial estoppel do not prevent the Court from ruling as it has.

Finally, Carter filed three motions requesting the Court to take judicial notice of decisions of the Supreme Court of the United States. (ECF Nos. 59, 62, 67.) With respect to two Supreme Court decisions, Carter previously requested the Court to take judicial notice of them in April 2015. (ECF Nos. 5, 7.) The Court denied these motions as moot. (ECF No. 9.) The Court will deny the present motions as moot for the reasons previously articulated.

### B. Motion to Certify the Question

On January 8, 2016, Carter filed a motion requesting the Court to certify the question concerning subject matter jurisdiction and the ability to enforce an income tax against him to the United States Court of Appeals for the Fourth Circuit. (ECF No. 71.) Carter urges the Court to allow him to make this interlocutory appeal to the Fourth Circuit solely based on his belief that the Court has failed to reveal to him the constitutional grounds upon which it has the authority to hear and decide his case. (ECF No. 71.) The Court already has identified the grounds for subject matter jurisdiction and its ability to enforce the United States tax code against Carter. An interlocutory appeal is not appropriate here because all matters are resolved. The Court will deny Carter's request to certify the question to the Fourth Circuit.

### C. Motion to Recuse

On January 20, 2016, Carter filed a Motion to Recuse, arguing that the Court has "repeatedly demonstrate[ed] an improper prejudicial favoritism for the United States in its rulings and Orders issued in this action," among other complaints. (Def.'s Mot. Recuse 1, ECF No. 79.) None of Carter's assertions meet the threshold required for a judge to recuse him or

herself from a proceeding.[6] Here, no one could reasonably construe the actions taken to demonstrate any impartiality on behalf of the Court or the undersigned District Judge, and therefore the Court will deny Carter's Motion to Recuse.

### D. Carter's Motions to Alter or Amend the Judgment

#### 1. Federal Rule of Civil Procedure 59(e) Standard

Carter filed two Motions to Alter or Amend the Court's Order granting summary judgment to the United States, pursuant to Federal Rule of Civil Procedure 59(e). (ECF Nos. 77, 78.) Carter filed these motions within the 28-day period prescribed by Rule 59(e), and the Court considers them here.

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). Rule 59(e) itself provides no standard by which a district court may grant a motion to alter or amend a judgment, but "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or, (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Such motions may not be used, however, "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion . . . ." *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.*, 148 F.3d at 403). Indeed, Rule 59(e) does not "give an unhappy litigant one additional

---

[6] 28 U.S.C. § 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned."

chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (stating that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order).

### 2. Carter Fails to Meet the Established Standard for Altering or Amending a Judgment Pursuant to Rule 59(e)

The Court sees no basis to vacate its prior order granting summary judgment to the United States. Carter fails to raise any issues or facts that satisfy the grounds for altering or amending a judgment pursuant to Rule 59(e) and does not even purport to address the *Hutchison* factors in his motions. *See* 994 F.2d at 1081. As with the bulk of his filings, Carter merely rehashes the arguments already dispensed with by the Court in its Memorandum Opinion. (ECF No. 55.) Since issuing the Memorandum Opinion and accompanying Order on December 31, 2015, there has been no change in controlling law, Carter has not presented any new evidence regarding his position not available at the time the Court entered the Order, and granting Carter's motions would not correct any clear error of law or prevent a manifest injustice.[7] Alteration of this Court's judgment would be an "extraordinary remedy" not warranted here. *Pac. Ins. Co.*, 148 F.3d at 403. Accordingly, the Court will deny both motions.

### E. Carter's Motion to Void the Order of the Court

#### 1. Federal Rules of Civil Procedure 60(b)(3), (4) Standard

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding. "As a threshold matter, the movant must demonstrate the existence of a meritorious claim or defense." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) (citing *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979); *Universal Film*

---

[7] In contrast, granting Carter's motions would create a clear error of law and would enable Carter to avoid paying the taxes that he properly owes.

*Exchs., Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir. 1973)). If the movant makes this threshold showing, he or she must then satisfy the requirements of any one of the six enumerated grounds for relief under Rule 60(b). Here, Carter contends that he is entitled to relief under Rule 60(b)(3) and 60(b)(4).

Rule 60(b)(3) permits a court to grant relief from judgment for "fraud . . . misrepresentation, or misconduct of an opposing party." Fed. R. Civ. P. 60(b)(3). The moving party must (1) have a meritorious defense; (2) prove misconduct by clear and convincing evidence; and, (3) show that the misconduct prevented the moving party from fully presenting his or her case. *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (citing *Square Constr. Co.*, 657 F.2d at 71). The purpose of Rule 60(b)(3) "is to afford parties relief from judgments which are unfairly obtained, not those which may be factually incorrect." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995) (citing *Johnson v. Offshore Exploration, Inc.*, 845 F.2d 1347, 1359 (5th Cir. 1988)); *see, e.g., Schultz*, 24 F.3d at 630–31 (remanding for new trial under 60(b)(3) where plaintiff failed to turn over pertinent document during discovery). "When a party is capable of fully and fairly presenting her case notwithstanding 'fraud, misrepresentation, or other misconduct,' the trial court does not err when it denies a Rule 60(b)(3) motion." *Diaz*, 46 F.3d at 497 (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978)); *accord Tunnell v. Ford Motor Co.*, 245 F. App'x 283, 288 (4th Cir. 2007). Therefore, if the movant fails to demonstrate how he or she was prevented from fully and fairly presenting his or her case by the other parties' alleged misconduct, it is unnecessary for the Court to resolve whether the movant has made an adequate showing of misconduct. *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 21–22 (1st Cir. 2002).

Rule 60(b)(4) authorizes relief from void judgments. Unlike other provisions of 60(b), the reviewing court has no discretion in deciding to grant the motion; either a judgment is void or it is valid. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2862, at 429–31 (3d ed. 2012). If void, the court must grant the motion; but if valid, the court must deny the motion. *See id.* at 431. However, "[a] judgment is not 'void' under Rule 60(b)(4) merely because it is erroneous." *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Instead, "[i]t is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* (quoting *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992)).

### 2. Carter Does Not Meet Any of the Requisite Standards to Void the Order of the Court

The Court will deny Carter's Motion to Void the Order of the Court under both Rule 60(b)(3) and Rule 60(b)(4). (ECF No. 80.) Carter does not meet the threshold requirement of "demonstrat[ing] the existence of a meritorious claim or defense." *Square Constr. Co.*, 657 F.2d at 71. For that reason alone, Carter's motion fails. Furthermore, even if he did meet this threshold, his motion would still falter.

First, Carter's contentions that the United States engaged in fraud, misrepresentation, or misconduct lack merit. Carter does not identify any specific instances that would enable him to meet this standard. Instead, he continues to make generic accusations of fraud based on his errant belief that the United States does not possess the authority to tax him and that this Court does not possess the ability to enforce that authority. Even assuming *arguendo* that the United States did in fact engage in some sort of fraud, misrepresentation, or misconduct, Carter had many opportunities to fully and fairly present his case. Thus, the Court denies his 60(b)(3) Motion to Void. *See Diaz*, 46 F.3d at 497.

9

Second, the Court's order granting the United States summary judgment is not void, and Carter's Motion pursuant to Rule 60(b)(4) must be denied. As clearly articulated in the order granting summary judgment, this Court has subject matter jurisdiction over Carter. (Dec. 31, 2015, Mem. Op., at 10–11, ECF No. 55.) Even if the Court initially lacked personal jurisdiction over Carter, which it did not, Carter waived his right to contest the Court's personal jurisdiction over him.[8] Finally, despite Carter's vehement assertions to the contrary, the Court has not acted in a manner inconsistent with due process of law. The challenged judgment is not void, and the Court will deny Carter's 60(b)(4) motion.

### III. Conclusion

For the foregoing reasons, the Court will deny all of Carter's motions, objections, and notices. (ECF Nos. 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 77, 78, 79, 80, 81, 83.)

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 4/29/16

---

[8] In addition to contesting subject matter jurisdiction, Carter now raises the issue of the Court's personal jurisdiction over him in his various motions. This defense, however, must be asserted before the pleadings if a responsive pleading is allowed; otherwise, the party waives this defense. Fed. R. Civ. P. 12(h)(1). A party can also consent to personal jurisdiction by voluntarily appearing in court, which Carter did here. *See generally Pennoyer v. Neff*, 95 U.S. 714, 733 (1877) ("To give such proceedings any validity . . . he must be brought within [the court's] jurisdiction by . . . his voluntary appearance."). Because Carter first raised the issue of personal jurisdiction after the Court granted the United States summary judgment, Carter has waived any claim asserting lack of personal jurisdiction at this stage, and the Court's Order granting summary judgment is not void for lack of personal jurisdiction.