IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.                                                         Civil Action No. 3:15cv161

**LEWIS F. CARTER,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on three motions filed by Defendant Lewis F. Carter: (1) Carter's "Motion to Alter or Amend the Order of the Court" pursuant to Federal Rule of Civil Procedure 59(e)[1] (the "Motion to Alter or Amend"), (ECF No. 99); (2) Carter's "Motion by New Evidence to Void Judgment for Lack of Subject-Matter Jurisdiction of the District Court to Enforce Plaintiff's Assessments of a Direct and Unapportioned Tax on Income under Article I, Section 8 Authorities as Erroneously Done by the Court; and for Fraud Upon the Court" pursuant to Federal Rules of Civil Procedure 60(b)(3),(4), and (6)[2] and 60(d)(3)[3] (the "First Motion to

---

[1] Rule 59(e) states: "(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[2] Rule 60(b) states, in relevant part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Void"), (ECF No. 104); and, (3) Carter's "Motion to Void Judgment for Lack of Subject-Matter Jurisdiction of the District Court to Enforce a Judgment Allegedly Rendered under Article I, Section 8 Authority; for a Non-Geographically Uniform Tax on Income Enforced in Violation of Article I, Section 8, Clause 1 of the U.S. Constitution" (the "Second Motion to Void"), (ECF No. 106).[4] The Motion to Alter or Amend and the Motions to Void seek to invalidate the Court's December 31, 2015 Final Order granting summary judgment to the United States of America.[5] (ECF No. 56).

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Because Carter fails to establish a basis for relief under any of the procedural rules he invokes, and because he has filed the motions beyond any applicable statute of limitations, the Court will deny all of Carter's motions.

---

(4) the judgment is void;

. . .

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(3), (4), (6).

[3] Rule 60(d) states, in relevant part: "(d) Other Powers to Grant Relief. This rule does not limit a court's power to . . . (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

[4] The First Motion to Void and Second Motion to Void (collectively, the "Motions to Void"), are virtually identical in the substance of their arguments—namely that this Court lacks subject matter jurisdiction. Because the analysis for both does not differ, the Court will address the Motions to Void together.

[5] On January 14, 2016, on motion by the United States, the Court amended its December 31, 2015 Final Order to correct a clerical error regarding the date of accrual of statutory additions. (ECF No. 76.)

# I. Procedural History

Carter has sought dismissal of this action numerous times. On December 31, 2015, the Court granted the United States' Motion for Summary Judgment (the "Summary Judgment Opinion") (Dec. 31, 2015 Mem. Op., ECF No. 55; Final O., ECF No. 56.) On January 20, 2016, Carter submitted two Motions to Alter or Amend the Judgment, (ECF Nos. 77, 78), and a Motion to Void the Order of the Court, (ECF No. 80) (the "First Set of Reconsideration Motions"). On April 29, 2016, the Court issued a Memorandum Opinion and Final Order denying Carter's First Set of Reconsideration Motions. (ECF Nos. 84, 85.)

On April 19, 2017, Carter filed the Motion to Alter or Amend. (ECF No. 99.) On January 8, 2018, Carter filed the First Motion to Void, (ECF No. 104), and on February 20, 2018, Carter filed the Second Motion to Void, (ECF No. 106), (collectively, the "Second Set of Reconsideration Motions). In the Second Set of Reconsideration Motions, Carter reiterates his unsuccessful argument that this Court lacks subject matter jurisdiction to decide the government's claim because the Constitution does not give the United States the power to tax its citizens, including him. The Court rejected those contentions in the Summary Judgment Opinion and in the April 29, 2016 Memorandum Opinion denying the First Set of Reconsideration Motions. The arguments continue to founder, both procedurally and on the merits.

# II. Analysis

Carter's new motions substantially mirror his First Set of Reconsideration Motions. The Court will address the filings seriatim.

### A. Carter's Motion to Alter or Amend

#### 1. Federal Rule of Civil Procedure 59(e) Standard

Carter's Motion to Alter or Amend invokes Federal Rule of Civil Procedure 59(e) and seeks alteration of this Court's December 31, 2015 Final Order granting summary judgment to

the United States. Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. Pro. 59(e).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). Rule 59(e) itself provides no standard by which a district court may grant a motion to alter or amend a judgment, but "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir 1993). Such motions may not be used, however, "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion . . . ." *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.*, 148 F.3d at 403). Indeed, Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (stating that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order).

### 2. Carter's Motion to Alter or Amend Is Untimely and Fails to Satisfy the Rule 59(e) Standard

As the Court previously held in its April 29, 2016 Memorandum Opinion and Order, the Court sees no basis to vacate its December 31, 2015 Final Order granting summary judgment to the United States. Although Carter has framed his contentions slightly differently, he presents no

new arguments in addition to those that he filed earlier. Moreover, Carter filed the Motion to Alter or Amend on April 19, 2017, more than twenty-eight days—indeed more than a year—after the Court entered its final judgment on December 31, 2015.[6] The untimeliness of the Motion to Alter or Amend constitutes sufficient grounds to deny Carter's motion. However, even if the Court were to consider the Motion to Alter or Amend, it would deny it on the merits.

Carter's Motion to Alter or Amend raises no issues or facts satisfying the grounds for altering or amending a judgment pursuant to Rule 59(e). In his motion, Carter reiterates that the Court lacks subject matter jurisdiction. (Mot. Alter or Am. 1–2, ECF No. 99.) Specifically, Carter challenges Congress's authority to create income tax law, the Executive Branch's authority to enforce the law, and the Court's ability to take jurisdiction on an associated matter (the "Constitutional Authority Argument"). Carter asserts that "the record in this action is completely devoid of any proper declaration or fully identified subject-matter jurisdiction of the district court" because the Court has not stated "the constitutional foundation and legal basis for the action." (*Id*. at 2.)

The Court rejected Carter's Constitutional Authority Arguments in both its Summary Judgment Opinion and in its April 29, 2016 Memorandum Opinion. In those opinions, the Court thoroughly explained that it possesses subject matter jurisdiction over the case because Congress has authorized its jurisdiction under three separate statutes applicable to this action: (1) 28 U.S.C. § 1340, (2) 28 U.S.C. § 1345, and (3) 26 U.S.C. § 7402. (*See* Dec. 31, 2015 Mem. Op. 10.)

---

[6] Any argument that this Court's April 29, 2016 Final Order denying Carter's first two timely Motions to Alter or Amend, (ECF Nos. 77, 78), restarted the running of the statute of limitations is of no moment. The statute of limitations has run regardless.

5

Furthermore, Carter fails to satisfy any of the three standards for granting a motion to alter or amend a judgment. First, Carter identifies no change in controlling law. Since December 31, 2015, none has occurred. Second, Carter presents no "new evidence" supporting his position. Instead, he repeats his Constitutional Authority Argument. Third, Carter proffers no basis from which the Court must correct a clear error of law or prevent a manifest injustice. Therefore, alteration of this Court's December 31, 2015 final judgment would be an "extraordinary remedy" not warranted here. *Pac. Ins. Co.*, 148 F.3d at 403. Accordingly, the Court will deny the Motion to Alter or Amend.

### B. Carter's Motions to Void

Carter's remaining motions fail for the same reasons as does his Motion to Alter or Amend. They do not meet the required standards of the procedural rules invoked, and Carter's repeated incantation of incorrect constitutional principles remains flawed. Indeed, the level of repetition appears vexatious given the number of decisions the Court has entered plainly identifying black letter law: the United States has the power to tax its citizens, and Carter remains subject to the tax. The Court will deny Carter's Second Set of Motions for Reconsideration.

#### 1. Federal Rule of Civil Procedure 60 Standard

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding. "As a threshold matter, the movant must demonstrate the existence of a meritorious claim or defense." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) (citing *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979); *Universal Film Exchs., Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir. 1973)). If the movant makes this threshold showing, he or she must then satisfy the requirements of any one of the six enumerated grounds for relief under Rule 60(b).

In his Motions to Void, Carter contends that he is entitled to relief under Rule 60(b)(3), 60(b)(4), 60(b)(6), and 60(d)(3). However, Carter fails to establish any standards necessary for the Court to grant a Rule 60 motion, so the Court will deny the Motions to Void.

### 2. Federal Rule of Civil Procedure 60(b)(3)

#### a. Rule 60(b)(3) Legal Standard

Rule 60(b)(3) permits a court to grant relief from judgment for "fraud . . . misrepresentation, or misconduct of an opposing party." Fed. R. Civ. P. 60(b)(3). A motion under Rule 60(b)(3) must be filed "no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The moving party must: (1) have a meritorious defense; (2) prove misconduct by clear and convincing evidence; and, (3) show that the misconduct prevented the moving party from fully presenting his or her case. *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (citing *Square Constr. Co.*, 657 F.2d at 71). The purpose of Rule 60(b)(3) "is to afford parties relief from judgments which are unfairly obtained, not those which may be factually incorrect." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995) (citing *Johnson v. Offshore Expl., Inc.*, 845 F.2d 1347, 1359 (5th Cir. 1988)); *see, e.g.*, *Schultz*, 24 F.3d at 630–31 (remanding for new trial under 60(b)(3) where plaintiff failed to turn over pertinent document during discovery). "When a party is capable of fully and fairly presenting her [or his] case notwithstanding 'fraud, misrepresentation, or other misconduct,' the trial court does not err when it denies a Rule 60(b)(3) motion." *Diaz*, 46 F.3d at 497 (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978)); *accord Tunnell v. Ford Motor Co.*, 245 F. App'x 283, 288 (4th Cir. 2007). Therefore, if the movant fails to demonstrate how he or she was prevented from fully and fairly presenting his or her case by the other parties' alleged misconduct, it is unnecessary for the Court

7

to resolve whether the movant has made an adequate showing of misconduct. *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 21–22 (1st Cir. 2002).

### b. Rule 60(b)(3) Analysis

Carter filed his Motions to Void, like his Motion to Alter or Amend, more than one year after the Court's December 31, 2015 final judgment.[7] As with his Motion to Alter or Amend, the Court could deny the Motions to Void as untimely. However, even if the Court were to consider this aspect of the Motions to Void, it would reject it on the merits.

In his Motions to Void, Carter repeats his Constitutional Authority Argument. Carter contends that Article I, Section 2, Clause 3 and Article I, Section 9, Clause 4 of the Constitution distinguish between "direct" and "indirect" taxation, a distinction restraining Congress' power to tax pursuant to Article I, Section 8. (First Mot. Void 3–4, ECF 104; Second Mot. Void 10, ECF No. 106.) Carter asserts that the Sixteenth Amendment did not alter this limitation on Article 1, Section 8 to authorize the present federal income tax. (First Mot. Void 3–4; Second Mot. Void 10). Relying on this theory, he alleges that the United States has filed a "frivolous [c]omplaint seeking . . . enforcement" against him for his failure to pay income taxes, (First Mot. Void 3), and seeks to collect "a prohibited direct unapportioned tax," (*Id.*; Second Mot. Void 5–7). Further invoking this same theory, he argues that any judgment based on this Complaint is void due to "constitutional fraud." (First Mot. Void 12.)

The Court has already rejected this argument, holding that the Internal Revenue Service (the "IRS") and the United States have proper authority to pursue the claim in Carter's case. (Dec. 31, 2015 Mem. Op. 9–10). "[T]he United States Supreme Court has consistently

---

[7] Any argument that this Court's April 29, 2016 Final Order denying Carter's first timely Motion to Void, (ECF No. 80), restarted the running of the statute of limitations is of no moment. The statute of limitations has run regardless.

interpreted the federal income tax for [now over 100 years]. Since 1916, the [Supreme] Court has construed the tax as an indirect tax authorized by Article I, Section 8, Clause 1 of the [United States] Constitution, as amended by the Sixteenth Amendment." *United States v. Melton*, No. 94-5535, 1996 WL 271468, at *2 (4th Cir. 1996) (citing *Brushaber v. Union Pac. R.R. Co.*, 240 U.S. 1, 16–19 (1916)). Under current, constitutionally sound tax statutes, the IRS may enforce this law. *See United States v. Bartrug*, 777 F. Supp. 1290, 1292 (E.D. Va. 1991), *aff'd*, No. 91-5895, 1992 WL 259194, at *1 (4th Cir. Oct. 7, 1992). Due to this authority, the United States' Complaint is not "frivolous" and no "constitutional fraud" exists voiding this Court's judgment. Carter offers no other evidence of misconduct by the United States and his Motions to Void fail under Rule 60(b)(3).

### 3. Federal Rule of Civil Procedure 60(b)(4)

#### a. Rule 60(b)(4) Legal Standard

Rule 60(b)(4) authorizes relief from void judgments. Unlike other provisions of 60(b), the reviewing court has no discretion in deciding to grant the motion; either a judgment is void or it is valid. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2862, at 429–31 (3d ed. 2012). If void, the court must grant the motion; but if valid, the court must deny the motion. *See id.* at 431. However, "[a] judgment is not 'void' under Rule 60(b)(4) merely because it is erroneous." *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Instead, "[i]t is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* (quoting *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992)).[8]

---

[8] Unlike Rule 59(e) and Rules 60(b)(1)–(3), Rule 60(b)(4) does not contain a specific statute of limitations. The motion need be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

### b. Rule 60(b)(4) Analysis

Carter fails to demonstrate that the Court's December 31, 2015 final judgment is void under Rule 60(b)(4). As in his previous motions, Carter reargues his Constitutional Authority Argument, claiming that the Court lacks subject matter jurisdiction. (First Mot. Void 1–4; Second Mot. Void 1–3). The Court repeatedly has ruled that it possesses subject matter jurisdiction over the case and Carter presents no evidence that the Court acted inconsistently with due process. Accordingly, the Court's December 31, 2015 final judgment is valid and Carter's arguments fail under Rule 60(b)(4).

### 4. Federal Rule of Civil Procedure 60(b)(4)

#### a. Rule 60(b)(6) Legal Standard

Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires that the movant "'show extraordinary circumstances justifying the reopening of a final judgment.'" *Shanklin v. Seals*, No. 3:07cv319, 2011 WL 2470119, at *2 (E.D. Va. July 27, 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). For example, courts have held that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *see also Gonzalez*, 545 U.S. at 537.[9]

---

[9] Unlike Rule 59(e) and Rules 60(b)(1)–(3), Rule 60(b)(6) does not contain a specific statute of limitations. The motion need be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

### b.     Rule 60(b)(6) Analysis

Carter's motions fail under 60(b)(6). Carter purports to have found "new evidence"[10] verifying his stance. He proffers the "Constitutional Authority Statement" from House Resolution 1 of 2018, which identifies Article 1, Section 8, Clause 1 as the constitutional authorization for Congress to re-enact the income tax provisions. (First Mot. Void 6–10; Second Mot. Void 8–10); *see also* H.R. 1, 115th Cong. (2017) (enacted). As best this Court can discern, Carter contends that the House Resolution refers to Article 1, Section 8, Clause 1 of the Constitution, rather than the Sixteenth Amendment, for its authority. This, he suggests, exposes a "fatal error" in the Court's interpretation of the tax powers of the Constitution. (First Mot. Void 6; Second Mot. Void 8–10). Carter avers that this "published admission from Congress" demonstrates the absence of the United States' authority to pursue its claim and the Court's jurisdiction over the matter. (First Mot. Void 6–9; *see also* Second Mot. Void 9–10.) Carter argues that Congress supports his position by recognizing that the Sixteenth Amendment does not authorize the tax. (First Mot. Void 7–8; Second Mot. Void 8–10.) Carter asserts that this Congressional recognition unveils critical a flaw in the United States' argument. (First Mot. Void 8–10; Second Mot. Void 8–10.)

For at least two reasons, this document falls short of showing the "extraordinary circumstances" necessary under the Rule 60(b)(6). *See Shanklin*, 2011 WL 2470119, at *2 (citing *Gonzalez*, 545 U.S. at 535). First, the Supreme Court has held that Congress's taxing power comes from Article I, Section 8, Clause 1 of the Constitution *as amended* by the Sixteenth Amendment. *See Melton*, 1996 WL 271468, at *2. Carter's argument fatally ignores the

---

[10] Carter's language referencing "new evidence" in his Motions to Void is more suited to an argument under Rule 59 or 60(b)(2). Regardless, even under those rules, Carter's "new evidence" would not require this Court to alter, amend, or void its judgment.

11

Supreme Court's interpretation of Article I, Section 8, Clause 1 and the Sixteenth Amendment. Second, under Rule 60(b)(6), even evidence of a new development in the law usually cannot meet the standard of voiding a judgment. *See Agostini*, 521 U.S. at 239. Carter's arguments under 60(b)(6) founder entirely.

### 5. Federal Rule of Civil Procedure 60(d)(3)

#### a. Rule 60(d)(3) Legal Standard

Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Fraud on the court requires that a litigant show more than ordinary fraud by the opposing party." *Fox v. Elk Run Coal Co., Inc.*, 739 F.3d 131, 136 (4th Cir. 2014). The litigant must demonstrate that the fraud "not only . . . involve[s] an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not." *Id.* Examples include "bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Express Inc. v. Int'l Bhd. Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982).[11]

#### b. Rule 60(d)(3) Analysis

Carter's Motions to Void fall woefully short of any requirement under Rule 60(d)(3). His motions provide no examples of misconduct or prohibited behaviors, such as plots to deceive or unduly influence the judiciary, or bribery of a judge or juror. *See Fox*, 739 F.3d at 136; *Great Coastal Express Inc.*, 675 F.2d at 1356. Therefore, Carter's motions also fail under Rule 60(d)(3).

---

[11] Rule 60(d)(3) does not articulate a statute of limitations.

### III. Conclusion

For the foregoing reasons, the Court will deny the Second Set of Reconsideration Motions. (ECF Nos. 99, 104, 105.)

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 3/9/18